IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID J. LOPEZ,

    Plaintiff,

  v.                                  No. CV 11-0921 BB/LFG

CHIEF OF POLICE RAY SCHULTZ,
OFFICER ROBERT STOCKTON,
OFFICER SAENZ,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that on September 30, 2010, Defendants Saenz and Stockton, who are Albuquerque police officers, put Plaintiff in handcuffs and searched him without reasonable suspicion or probable cause. Plaintiff asserts that Defendants' actions violated his rights under the Fourth Amendment. He does not state whether he was released after the search and seizure, or whether his current incarceration resulted from the 2010 incident. The complaint also names Chief Ray Schultz as a Defendant but alleges only that he "is responsible for actions of A.P.D. Officers." Plaintiff seeks damages and certain equitable relief.

Plaintiff's allegations do not support a § 1983 action against Defendant Schultz. To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). The allegation that this Defendant is responsible for actions of officers does not affirmatively link him to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See Mitchell v. Maynard*, 80 F.3d at 1441. The Court will dismiss Plaintiff's claims against Defendant Schultz.

IT IS THEREFORE ORDERED that the initial partial payment towards the filing fee is WAIVED; Plaintiff shall file monthly financial certificates and make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why the payment should be excused; and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Schultz are DISMISSED, and Defendant Schultz is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver forms, with copies of Plaintiff's complaint, for Defendants Stockton and Saenz.

*[Signature: Bruce D. Black]*

UNITED STATES DISTRICT JUDGE